## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NORTH AVENUE CAPITAL, LLC
816 A1A North, Suite 304
Ponte Verde, FL 32082

and

NEWTEK SMALL BUSINESS                    Case No.:_____
FINANCE, LLC,
1981 Marcus Avenue, I Suite 130
Lake Success, NY 11042

       Plaintiffs,


       v.

MOON GROUP, INC.,
145 Moon Road
Chesapeake City, MD 21915

MOON LANDSCAPING, INC.,
145 Moon Road
Chesapeake City, MD 21915

MOON NURSERIES, INC.,
145 Moon Road
Chesapeake City, MD 21915

MOON SITE MANAGEMENT, INC.,
145 Moon Road
Chesapeake City, MD 21915

MOON WHOLESALE, INC.,
145 Moon Road
Chesapeake City, MD 21915

RICKERT LANDSCAPING, INC.,
145 Moon Road
Chesapeake City, MD 21915

LEGALIST DIP GP, LLC,
10120 West Flamingo Road, Suite 4 #3015
Las Vegas, NV 898147

LEGALIST DIP FUND I, LP,
10120 West Flamingo Road, Suite 4 #3015
Las Vegas, NV 898147

THE UNITED STATES OF AMERICA,
950 Pennsylvania Avenue NW
Washington, DC 20530

UNITED STATES SMALL BUSINESS
ADMINISTRATION,
409 3rd St SW
Washington, DC 20024

KORE CAPITAL CORPORATION,
6701 Democracy Blvd #300
Bethesda, MD 20817

J. FRANK SCHMIDT & SONS, CO.,
9500 SE 327th Ave
Boring, OR 97009

COMPTROLLER OF MARYLAND,
Upper Chesapeake Corporate Center
103 Chesapeake Blvd Suite D
Elkton, MD 21921-6313

CECIL COUNTY DEPARTMENT OF FINANCE,
200 Chesapeake Blvd # 1100
Elkton, MD 21921

PADCO FINANCIAL SERVICES, INC.,
1328 Main St
Crete, IL 60417

AILCO EQUIPMENT FINANCE GROUP, INC.,
W222N833 Cheaney Rd.
Waukesha, WI 53186

ROSS CAPITAL PARTNERS, LLC,
724 Yorklyn Rd,
Hockessin, DE 19707

JOHN D. PURSELL, JR.,
145 Moon Road
Chesapeake City, MD 21915

2

ANGELA M. PURSELL,
145 Moon Road
Chesapeake City, MD 21915

JOHN D. PURSELL, III,
145 Moon Road
Chesapeake City, MD 21915

and

JOHN DOES 1 – 10,

      Defendants.
_____

## **COMPLAINT**

North Avenue Capital, LLC ("NAC") and Newtek Small Business Finance, LLC ("Newtek" and together with NAC, the "Plaintiffs"), by their respective undersigned counsel, bring this action to foreclose their interests in certain real property and personal property owned by Moon Group, Inc. ("Moon Group"), Moon Landscaping, Inc. ("Landscaping"), Moon Nurseries, Inc. ("Nurseries"), Moon Site Management, Inc. ("Site Management"), Moon Wholesale, Inc. ("Wholesale") and/or Rickert Landscaping, Inc. ("Rickert" and together with Moon Group, Landscaping, Nurseries, Site Management and Wholesale, the "Moon Entities"), in which the Plaintiffs and Defendants Legalist DIP GP, LLC, Legalist DIP Fund I, LP, Legalist DIP SPV II, LP, the United States of America (Internal Revenue Service), U.S. Small Business Administration, Comptroller of Maryland, J. Frank Schmidt & Sons, Co., Cecil County Department of Finance, Kore Capital Corporation, Padco Financial Services, Inc., AILCO Equipment Finance Group, Inc. and Ross Capital Partners, LLC assert, or may assert, liens and interests, stating the following:

## **PARTIES**

3

1.      Plaintiff NORTH AVENUE CAPITAL, LLC, is a Georgia limited liability company.

2.      Plaintiff NEWTEK SMALL BUSINESS FINANCE, LLC, is a New York limited liability company.

3.      Defendant MOON GROUP, INC. is a corporation duly organized under the laws of Delaware, who may be served c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

4.      Defendant MOON LANDSCAPING, INC. is a corporation duly organized under the laws of the state of Pennsylvania, who may be served by service on its Chapter 7 trustee, Donald A. Beskrone, Ashby & Geddes. P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801.

5.      Defendant MOON NURSERIES, INC. is a corporation duly organized under the laws of the state of Maryland, who may be served by service on its Chapter 7 trustee, Donald A. Beskrone, Ashby & Geddes. P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801.

6.      Defendant MOON SITE MANAGEMENT, INC. is a corporation duly organized under the laws of the state of Pennsylvania, who may be served by service on its Chapter 7 trustee, Donald A. Beskrone, Ashby & Geddes. P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801.

7.      Defendant MOON WHOLESALE, INC. is a corporation duly organized under the laws of the state of Pennsylvania, who may be served by service on its Chapter 7 trustee, Donald A. Beskrone, Ashby & Geddes. P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801.

8.      Defendant RICKERT LANDSCAPING, INC. is a corporation duly organized under the laws of Pennsylvania, who may be served by service on its Chapter 7 trustee, Donald A. Beskrone, Ashby & Geddes. P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801.

9.      Defendant LEGALIST DIP GP, LLC is a limited liability company organized under the laws of the state of Delaware, that may be served at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

10.     Defendant LEGALIST DIP FUND I, LP is a limited partnership organized under the laws of the state of Delaware, that may be served at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

11.     Defendant LEGALIST DIP SPV II, LP is a limited partnership organized under the laws of the state of Delaware that may be served at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

12.     Defendant THE UNITED STATES OF AMERICA may be served through U.S. Attorney Erek L. Barron, United States Attorney for the District of Maryland, 36 S. Charles Street, 4th Floor, Baltimore, Maryland 21202, and Merrick Garland, United States Attorney, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

13.     Defendant U.S. SMALL BUSINESS ADMINISTRATION is an agency of the United States federal government that may be served at 2 North 20th Street, Suite 320, Birmingham, AL 35203 and Office of General Counsel, U.S. Small Business Administration, 409 Third Street, SW., Washington, D.C. 20416.

14.     Defendant J. FRANK SCHMIDT & SONS, CO., is a corporation organized under the laws of the State of Oregon whose registered agent is Raymond Richard Kerr, 9500 SE 327th Ave., Boring, Oregon, 97009.

15.     Defendant COMPTROLLER OF MARYLAND, is the holder of judgment liens against Nurseries in the amount of $43,398.00 and $117,984, recorded on or about November 10, 2021 and April 1 2022, respectively.  The COMPTROLLER OF MARYLAND may be served by serving Brian E. Frosh, Attorney General of Maryland, 200 St. Paul Place, Baltimore, Maryland 21202.

16.     Defendant CECIL COUNTY DEPARTMENT OF FINANCE, may hold liens against Nurseries on account of unpaid taxes and may be served by serving process on Shon McCollum, Director of Finance, County Administrative Building, Suite 1100, 200 Chesapeake Blvd., Elkton, MD 21921.

17.     Defendant KORE CAPITAL CORPORATION is a corporation organized under the laws of the state of Virginia, with its principal place of business located at 6701 Democracy Blvd, Suite 300, Bethesda, Maryland, whose resident agent may be served at CSC-Lawyers Incorporating Service Company, 7 Saint Paul Street, Suite 820, Baltimore MD 21202.

18.     Defendant PADCO FINANCIAL SERVICES, INC. is a corporation organized under the laws of the state of Illinois, whose resident agent may be served at Padco Financial Services, Inc., 1328 Main Street, Crete, IL 60417, c/o James F. Padden, Registered Agent.

19.     Defendant AILCO EQUIPMENT FINANCE GROUP, INC. is a corporation organized under the laws of the state of Wisconsin, whose resident agent may be served at Ailco Equipment Finance Group, Inc., W222N833 Cheaney Rd., Waukesha, WI 53186-1688, c/o Scott Meinerz, Resident Agent.

20.     Defendant ROSS CAPITAL PARTNERS, LLC is a limited liability company organized under the laws of the state of Delaware, who may be served with process at GB Registered Agents, Inc., 47 W. Belmont Drive, Hockessin, DE 19707.

WBD (US) 59070342v13

21.     Defendant JOHN D. PURSELL, JR. is an individual residing in the State of Delaware who may be served at 145 Moon Road, Chesapeake City, Maryland 21915.  Plaintiffs have joined John D. Pursell, Jr. as a nominal party.

22.     Defendant JOHN D. PURSELL, III is an individual residing in the State of Maryland who may be served at 145 Moon Road, Chesapeake City, Maryland 21915.  Plaintiffs have joined John D. Pursell, III as a nominal party.

23.     Defendant ANGELA M. PURSELL is an individual residing in the State of Delaware who may be served at 145 Moon Road, Chesapeake City, Maryland 21915.  Plaintiffs have joined Angela M. Pursell as a nominal party.

## JURISDICTION AND VENUE

24.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as a civil action that arises under the Constitution, laws or treaties of the United States.  The Plaintiffs seek a judicial sale of property subject to federal tax liens pursuant to 28 U.S.C. §§ 2001 and 2410.

25.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 as a matter that relates to the bankruptcy proceedings of the Moon Entities, jointly administered as *In re Moon Group, Inc., et al*., Case No. 21-11140 (JKS) in the United States Bankruptcy Court for the District of Delaware.   The property in question is encumbered by adequate protection liens granted pursuant to 11 U.S.C. §§ 361 and 363, as well as debtor-in-possession liens granted pursuant to 11 U.S.C. § 364.  Thus, the adequate protection liens and debtor-in-possession liens arose under title 11 of the United States Code.  The Plaintiffs seek, among other things, a determination that their liens have priority over the adequate protection and debtor-in-possession liens.

26.     This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1340, as this lawsuit seeks to sell property subject to liens of the Internal Revenue Service pursuant to 28

7

U.S.C. § 2410 and section 2410 is an Act of Congress providing for internal revenue.  Further, the Plaintiffs also seek a determination that their liens have priority over the liens filed against the subject property by the Internal Revenue Service and the determination of such priority turns on and arises under an Act of Congress providing for internal revenue, namely 26 U.S.C. § 6323.

27.     This Court has supplemental jurisdiction over the Plaintiffs' state law foreclosure claim against the Defendants pursuant to 28 U.S.C. § 1367(a) because it has original jurisdiction over the Plaintiffs' federal claim against the United States of America and Plaintiffs' state law foreclosure claim against the Defendants is indisputably part of the same case or controversy as the federal claim.

28.     This matter arises under 28 U.S.C. § 2410, *et seq.* as an action affecting property on which the United States purports to hold a federal tax lien.

29.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.  A substantial portion of the events or omissions giving rise to the claims asserted herein occurred in this District, and a substantial portion of the property that is the subject of this action is situated in Cecil County, Maryland.

## **FACTUAL BACKGROUND**

30.     The Moon Entities operated a nursery and landscaping business from a single principal place of business located in Chesapeake City, Maryland.

### **Nurseries Property**

31.     Nurseries owns Real Property (defined below) and improvements thereon from which the Moon Entities operated their business.

32.     None of the Moon Entities other than Nurseries own any of the Real Property or improvements thereon.

8

33.     Nurseries has grown and owns inventory of (i) trees and shrubs planted in the ground, and (ii) container trees, shrubs and perennial plants, all at its business location in Chesapeake City, Maryland (collectively, the "Nurseries Inventory").

34.     None of the Moon Entities other than Nurseries own any of the Inventory.

35.     Nurseries owns various machinery and equipment (not including titled vehicles) used in its operations (the "Nurseries M&E").

36.     Upon information and belief, Nurseries also owns titled trucks and automobiles (the "Nurseries Titled Vehicles").

**Site Management Property**

37.     Site Management has provided grounds management for commercial, institutional or industrial sites, and residential communities.

38.     Site Management owns various machinery and equipment (not including titled vehicles) used in its operations (the "Site Management M&E").

39.     Upon information and belief, Site Management also owns titled trucks and automobiles (the "Site Management Titled Vehicles").

**Landscaping Property**

40.     Landscaping has operated as a landscape contractor for residential, commercial and municipal projects.

41.     Landscaping owns various machinery and equipment (not including titled vehicles) used in its operations (the "Landscaping M&E").

42.     Upon information and belief, Landscaping also owns titled trucks and automobiles (the "Landscaping Titled Vehicles").

**The NAC Loan**

43.    NAC extended a term loan to the Moon Entities in the principal amount of $10,000,000.00 (the "NAC Loan") pursuant to that Loan Agreement dated June 28, 2019 (the "NAC Loan Agreement") by and between the Moon Entities, John D. Pursell, Jr. (as a guarantor), John D. Pursell, III (as a guarantor) and NAC.

44.    A true and correct copy of the NAC Loan Agreement is attached hereto as **Exhibit A.**

45.    The NAC Loan is evidenced by that Term Note dated as of June 28, 2019 (the "NAC Note") made by the Debtors payable to North Avenue.

46.    A true and correct copy of the NAC Note is attached hereto as **Exhibit B.**

47.    John D. Pursell, Jr. and John D. Pursell, III guaranteed the NAC Loan pursuant to those Unconditional Guaranty agreements dated June 28, 2019 (the "NAC Guaranty Agreements").

48.    Defendant Nurseries owns certain real property (the "Real Property") and improvements thereon located in Cecil County, Maryland, as more particularly described in that Deed of Trust by and between Nurseries and Dwight E. Thomey (and any successor trustees, the "NAC Trustee") for the benefit of NAC ("NAC Deed of Trust").

49.    A true and correct copy of the NAC Deed of Trust is attached hereto as **Exhibit C**.

50.    The NAC Deed of Trust was recorded in the Land Records of Cecil County, Maryland at Book 4429, Page 431, on July 12, 2019.

51.    Pursuant to the NAC Deed of Trust, Nurseries conveyed all of its right, title and interest, with power of sale, in the Real Property to the NAC Trustee, for the benefit of NAC as beneficiary, to secure the performance of the Moon Entities under the NAC Deed of Trust and

10

the payment of the "Indebtedness" (as defined in the NAC Deed of Trust) of the Moon Entities

to NAC (collectively, the "<u>NAC Obligations</u>").

52.    Nurseries also granted NAC an assignment of leases and rents pursuant to that

Assignment of Rents and Leases dated June 28, 2019, made by Nurseries in favor of NAC and

recorded among the Land Records of Cecil County, Maryland at Book 4429, Page 449 ("<u>NAC</u>

<u>Assignment of Leases and Rents</u>").

53.    A true and correct copy of the NAC Assignment of Leases and Rents is attached

hereto as **Exhibit D**.

54.    The Moon Entities executed and delivered a Security Agreement dated June 28,

2019 by and between the Debtors and NAC (the "<u>Security Agreement</u>").

55.    A true and correct copy of the NAC Security Agreement is attached hereto as

**Exhibit E**.

56.    Pursuant to the NAC Security Agreement, the Moon Entities granted NAC a security

interest in and lien on, among other things,

> . . . all **inventory**, deposits, cash or other property owned by [the Moon Entities] or
> in which [the Moon Entities] has an interest that are now, or may late be in the
> possession of the secured party or as to which secured party may now or later obtain
> possession by documents of title or other, all **machinery, equipment, parts,
> accessions and appurtenances, as shown on Exhibit A attached hereto**, now or
> later owned by [the Moon Entities], together with all proceeds from any of the
> above.

(Emphasis added).

57.    The security interest granted in the NAC Security Agreement secures, among other

things, the Moon Entities' obligations under the NAC Note.

WBD (US) 59070342v13

58.     NAC filed a financing statement (as the same was amended, the "NAC Financing Statement") against Nurseries with the Maryland Department of Assessments and Taxation, with an initial filing date of July 9, 2019, and designated as Instrument Number 190709-1548001.

59.     A true and correct copy of the NAC Financing Statement is attached hereto as **Exhibit F**.

60.     The NAC Financing Statement gives notice to the world of NAC's security interest in, among other things all inventory, equipment and parts as shown on the attached exhibit, and proceeds thereof, owned by Nurseries.

61.     The obligations owed to NAC by the Moon Entities are partially guaranteed by the United States Department of Agriculture.

**Newtek Loan**

62.     Newtek extended a term loan to the Debtors in the principal amount of $5,000,000 (the "Newtek Loan") pursuant to that Loan Agreement dated June 28, 2019 (the "Newtek Loan Agreement") by and between the Debtors, the Guarantor and Newtek.

63.     The Newtek Loan is evidenced by that Term Note dated as of June 28, 2019 (the "Newtek Note") made by the Debtors payable to Newtek.

64.     A true and correct copy of the Newtek Note is attached hereto as **Exhibit G.**

65.     Nurseries executed and delivered a Deed of Trust dated June 28, 2019, made by Nurseries to Robert Valiant Jones (together with any successor trustee, the "Newtek Trustee") for the benefit of Newtek as beneficiary ("Newtek Deed of Trust").

66.     A true and correct copy of the Newtek Deed of Trust is attached hereto as **Exhibit H**.

WBD (US) 59070342v13

67.    The Newtek Deed of Trust was recorded among the Land Records of Cecil County, Maryland at Book 4429, Page 463 on July 12, 2019.

68.    Pursuant to the Newtek Deed of Trust, Nurseries conveyed all of its right, title and interest, with power of sale, in the Real Property to the Newtek Trustee, for the benefit of Newtek as beneficiary, to secure the performance of the Moon Entities under the Newtek Deed of Trust and the payment of the "Indebtedness" (as defined in the Newtek Deed of Trust) of the Moon Entities to Newtek (collectively, the "Newtek Obligations").

69.    Nurseries also granted Newtek an assignment of leases and rents pursuant to that Assignment of Rents and Leases dated June 28, 2019 made by Moon Nurseries, Inc. in favor of Newtek and recorded among the Land Records of Cecil County, Maryland at Book 4429, Page 477, on July 12, 2019 ("Newtek Assignment of Leases and Rents").

70.    A true and correct copy of the Newtek Assignment of Leases and Rents is attached hereto as **Exhibit I**.

71.    The Moon Entities executed and delivered a Security Agreement dated June 28, 2019 by and between the Debtors and Newtek (the "Newtek Security Agreement").

72.    True and correct copies of the Newtek Security Agreement are attached hereto as **Exhibit J**.

73.    Pursuant to the Newtek Security Agreement, the Moon Entities granted Newtek a security interest in and lien on, among other things, all of the Moon Entities' inventory, equipment, general intangibles and proceeds thereof.

74.    The security interest granted in the Newtek Security Agreement secures, among other things, the Moon Entities' obligations under the Newtek Note.

75.     Newtek filed a financing statement (as the same was amended, the "Newtek MD Financing Statement") against Nurseries with the Maryland Department of Assessments and Taxation, with an initial filing date of June 25, 2019, and designated as Instrument Number 190625-1709000.

76.     A true and correct copy of the Newtek MD Financing Statement is attached hereto as **Exhibit K**.

77.     The Newtek MD Financing Statement gives notice to the world of Newtek's security interest in, among other things, all inventory, equipment, general intangibles and proceeds, owned by Nurseries.

78.     Newtek filed a financing statement (as the same was amended, the "Newtek PA Financing Statement") against Site Management, Landscaping, Rickert and Wholesale with the Pennsylvania Department of State, with an initial filing date of June 21, 2019, and designated as Instrument Number 2019062101926.

79.     A true and correct copy of the Newtek PA Financing Statement is attached hereto as **Exhibit L**.

80.     The Newtek PA Financing Statement gives notice to the world of Newtek's security interest in, among other things, all inventory, equipment, general intangibles and proceeds, owned by Site Management, Landscaping, Rickert and Wholesale.

81.     Angela M. Pursell guaranteed the obligations of the Moon Entities to Newtek pursuant to that Unconditional Limited Guarantee dated June 27, 2019, as limited therein.

82.     John D. Pursell, III guaranteed the obligations of the Moon Entities to Newtek pursuant to a separate Unconditional Limited Guarantee dated June 27, 2019.

**The NAC and Newtek Intercreditor Agreement**

14

83.    NAC, Newtek and the Moon Entities are parties to that Intercreditor and Pari Passu Agreement dated as of June 28, 2019 (the "Intercreditor Agreement").

84.    A true and correct copy of the Intercreditor Agreement is attached hereto as **Exhibit M**.

85.    The Intercreditor Agreement was recorded among the Land Records of Cecil County, Maryland at Book 4429, Page 486 on July 12, 2019.

86.    Pursuant to the Intercreditor Agreement, among other things, NAC and Newtek agreed that they would share a co-equal first lien position on their shared collateral in the proportion that the outstanding principal balance of each of their respective promissory notes bears to the aggregate principal amount of the joint indebtedness.  Intercreditor Agreement, ¶ 3.

87.    NAC and Newtek further agreed, in the event that either of them were entitled to initiate a judicial foreclosure proceeding, that the other lender shall join as a co-plaintiff. Intercreditor Agreement, ¶ 5.

**Federal Tax Liens**

88.    The Internal Revenue Service filed the following notices of tax liens (collectively, the "Tax Lien Notices") with the Clerk of the Circuit Court of Cecil County, Maryland:

    a.    On November 4, 2019, the Internal Revenue Service filed a Notice of Tax Lien against Nurseries in the amount of $572,455.91.  According to the aforementioned notice, the taxes subject to the notice were assessed between April 6, 2015 and May 13, 2019.

    b.    On February 18, 2020, the Internal Revenue Service filed a Notice of Tax Lien against Site Management in the amount of $157,297.00.  According to the

WBD (US) 59070342v13

aforementioned notice, the taxes subject to the notice were assessed between March 20, 2017 and April 29, 2019.

       c.      On November 25, 2020, the Internal Revenue Service filed a Notice of Tax Lien against Site Management in the amount of $437,444.15.   According to the aforementioned notice, the taxes subject to the notice were assessed between February 3, 2020 and September 7, 2020.

       d.      On November 25, 2020, the Internal Revenue Service filed a Notice of Tax Lien against Landscaping in the amount of $80,981.09.  According to the aforementioned notice, the taxes subject to the notice were assessed between December 31, 2018 and April 29, 2019.

89.      Upon information and belief, NAC and Newtek were unaware of the Notices of Tax Lien filings during the forty-five day period after each was filed.

90.      Pursuant to 26 U.S.C. § 6321, if a person fails to pay a tax or refuses to pay a tax after demand, "the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

91.      Pursuant to 26 U.S.C. § 6322, "[u]nless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed . . . is satisfied or become unenforceable by the lapse of time."

WBD (US) 59070342v13

92.     If however a notice of federal tax lien has not been filed prior to a creditor's perfection of its security interest, the creditor's security interest has priority over the federal tax lien. *See* 26 U.S.C. § 6323(h)(1).

93.     In general, a secured creditor providing commercial financing pursuant to an agreement that precedes the notice of federal tax lien, without knowledge of the notice of federal tax lien, also has priority with respect to collateral acquired by the debtor before the 46th day after the notice of federal tax lien is filed.

94.     As stated previously, the NAC Deed of Trust and the Newtek Deed of Trust were each recorded among the Land Records of Cecil County, Maryland on July 12, 2019.

95.     As stated previously, the NAC Financing Statement and Newtek MD Financing Statement were filed against Nurseries on July 9, 2019 and June 25, 2019, respectively.

96.     The Notice of Tax Lien asserted by the Internal Revenue Service against Nurseries was filed on November 4, 2019.

97.     North Avenue and Newtek's liens in the Real Property, Nurseries M&E and Nurseries Inventory have priority over the Internal Revenue Liens as to all real property, inventory and equipment owned or acquired by Nurseries before December 20, 2019.

98.     The Notices of Tax Liens filed by the Internal Revenue Service against Site Management were filed on February 18, 2020 and November 25, 2020.

99.     Newtek's liens in Site Management M&E have priority over the Internal Revenue Liens as to all equipment acquired by Site Management before April 4, 2020 (as to one notice) and January 10, 2021 (as to the other notice).

100.    The Notice of Tax Lien filed against Landscaping was filed on November 25, 2020.

17

101.    Newtek's liens in Landscaping M&E have priority over the Internal Revenue Liens as to all equipment acquired by Landscaping before January 10, 2021.

**State and Local Tax Liens**

102.    The Comptroller of Maryland – Baltimore holds a judgment lien against Moon Nurseries of Md. Inc. in the amount of $43,398.00, recorded on November 10, 2021.

103.    The Comptroller of Maryland – Baltimore holds a judgment lien against Nurseries in the amount of $117,984.00, recorded on April 1, 2022.

104.    Various county and/or state real estate taxes may be due and owing to Cecil County, Maryland, which taxes would give rise to additional liens encumbering the Real Property.

**The Bankruptcy Filing and the Legalist DIP Loan**

105.    On August 12, 2021 (the "Petition Date"), the Moon Entities each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), commencing those cases jointly administered under case number 21-11140 (CSS) (the "Bankruptcy Cases").

106.    The Moon Entities obtained debtor-in-possession financing (the "DIP Loan") in the amount of $8,000,000 from Legalist DIP GP, LLC, Legalist DIP Fund I, LP and Legalist DIP SPV II, LP (collectively, "Legalist").

107.    On September 15, 2021, Legalist was granted automatically perfected liens on the property of the Moon Entities on an interim basis pursuant to, and to the extent granted therein, the Interim Order Authorizing Debtor-in-Possession Financing (the "Interim DIP Order"), a copy of which is attached hereto as **Exhibit N**.

18

108.     On October 5, 2021, Legalist was granted automatically perfected liens on the property of the Moon Entities on a final basis pursuant to, and to the extent granted therein, the Final Order Authorizing Debtor-in-Possession Financing (the "<u>Final DIP Order</u>"), a copy of which is attached hereto as **Exhibit O**.

109.     The Final DIP Order provides, among other things, that the DIP Lender's automatically perfected liens (the "DIP Liens") comprised of "(i) senior security interests in and on all of the Debtors' unencumbered property (other than Avoidance Actions or their proceeds) pursuant to Bankruptcy Code section 364(c)(2), (ii) **pursuant to Bankruptcy Code section 364(c)(3), security interests and liens on the Debtors' encumbered real and personal property other than Accounts and Cash, which liens shall be junior and subordinate to the Permitted Senior Liens**, and (iii) senior DIP Liens on all Accounts and Cash subject only to (i) the Carveout and (ii) any valid and unavoidable liens on property of the Debtor in existence for amounts outstanding as of the Petition Date …"  Final DIP Order, ¶7 (emphasis added).

110.     The term "Permitted Senior Liens" is defined for purposes of the Final DIP Order as those held by NAC, Newtek, the IRS, PADCO Financial Services, Inc. and Ailco Equipment Finance Group, Inc.

**<u>Adequate Protection Liens</u>**

111.     Prior to the bankruptcy filing by the Moon Entities, Kore Capital Corporation ("<u>Kore</u>") extended a revolving line of credit to the Moon Entities, secured by a lien on the Moon Entities' accounts receivable.

112.     Kore filed a financing statement against Nurseries at the Maryland State Department of Assessments and Taxation on May 18, 2020.

19

113.    Kore filed a financing statement against Moon Group at the Delaware Division of Corporations on May 18, 2020.

114.    Kore filed a financing statement against Landscaping, Site Management, Wholesale and Rickert at the Pennsylvania Department of State on May 18, 2020.

115.    The Bankruptcy Court granted Kore an adequate protection lien on the Moon Entities' real and personal property ("Kore Protection Lien"), subordinate to the liens of NAC, Newtek, Legalist and the IRS, by that Final Order Authorizing the Debtors to Use Cash Collateral of Primary Lenders and Granting Adequate Protection for Its Use, entered on September 15, 2021 (the "Final Cash Collateral Order").  *See* Final Cash Collateral Order, ¶ 3.

116.    A true and correct copy of the Final Cash Collateral Order is attached hereto as **Exhibit P**.

117.    Pursuant to the Final Cash Collateral Order, the extent of the Kore Protection lien is equal to the aggregate diminution in value, if any, after the Petition Date of the collateral that secured Kore's loan to the Debtor.

118.    The Final Cash Collateral Order provides that the Kore Protection lien shall constitute a valid lien and duly perfected security interest as of the Petition Date, without the necessity of filing or serving financing statements, notices of lien or similar interests or any other notice or action under federal or state law.

**Filings Under the Uniform Commercial Code**

119.    As of August 24, 2022, the following financing statements are on file with the Maryland Department of Assessments and Taxation against Moon Nurseries:

   a.    Financing Statement No. 190625-1709000 filed by Newtek on June 25, 2019, and modified on July 10, 2019, July 15, 2019, July 16, 2019 and April 15, 2020.

b.      Financing Statement No. 190709-1548001 filed by NAC on July 9, 2019, and amended on September 9, 2019 and May 1, 2020.

c.      Financing Statement No. 200518-1300001 filed by Kore on May 18, 2020 (as to accounts).

d.      Financing Statement No. 201103-1217000 filed by Padco Financial Services, Inc. on November 3, 2020 (with respect to Contract No. 23481 and associated equipment).

e.      Financing Statement No. 201211-1246000 filed by Padco Financial Services on December 11, 2020 (with respect to Contract No. 23526 and associated equipment) .

f.      Financing Statement No. 210715-0915000 filed by the U.S. Small Business Administration on July 15, 2021.

g.      Financing Statement No. 210823-1011000 filed by Ross Capital Partners, LLC on August 23, 2021 (as to accounts receivable only).

h.      Financing Statement No. 220324-2238000 filed by Legalist DIP Fund I, LP on March 24, 2022.

120.    As of August 24, 2022, the following financing statements are on file with the Pennsylvania Secretary of State against Landscaping:

i.      Financing Statement No. 2019062101926 filed by Newtek on June 21, 2019, and modified on July 10, 2019, July 15, 2019, July 16, 2019 and April 15, 2020.

j.      Financing Statement No. 2020051801076 filed by Kore on May 18, 2020 (as to accounts).

21

k.      Financing Statement No. 2021071500298 filed by the United States Small Business Administration).

l.      Financing Statement No. 2022032402337 filed by Legalist DIP Fund I, LP on March 24, 2021.

121.    As of August 24, 2022, the following financing statements are on file with the Pennsylvania Secretary of State against Site Management:

m.      Financing Statement No. 2019062101926 filed by Newtek on June 21, 2019, and modified on July 10, 2019, July 15, 2019, July 16, 2019 and April 15, 2020.

n.      Financing Statement No. 202005180196 filed by Kore on May 18, 2020 (as to accounts).

o.      Financing Statement No. 2021082001823 filed by Ross Capital Partners, LLC on August 23, 2021 (as to accounts receivable).

p.      Financing Statement No. 2022032402337 filed by Legalist DIP Fund I, LP on March 24, 2027.

122.    As of August 19, 2022, the following financing statements are on file with the Delaware Secretary of State against Moon Group.

q.      Financing Statement No. 20203492008 filed against Moon Group by Kore on May 18, 2020.

r.      Financing Statement No. 20227243231 filed against Moon Group and others by Legalist DIP GP LLC on August 30, 2022.

123.    The filing of the Moon Entities' bankruptcy petitions resulted in an automatic acceleration of the NAC Loan and Newtek Loan.

22

124.    All pre-suit notice requirements to the Moon Entities, and any and all grace periods, have expired or been waived.

**COUNT I**
**Breach of Contract, Moon Entities**
**(NAC Loan Documents)**

125.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 124 above as if fully set forth herein.

126.    The Moon Entities have defaulted under the NAC Loan Documents by failing to make payments as required.

127.    NAC obtained relief from the automatic stay in the Moon Entities' bankruptcy case pursuant to that *Order Granting Joint Consent Motion of Legalist DIP GP, LLC; North Avenue Capital, LLC; and Newtek Small Business Finance, LLC for Entry of an Order (I) Granting Relief From the Automatic Stay and (ii) for Abandonment of Property*, entered on or about July 21, 2022 (the "Lift Stay Order").  A true and correct copy of the Lift Stay Order is attached hereto as **Exhibit Q**.

128.    The Lift Stay Order provides, in pertinent part, that "[t]he automatic stay under Bankruptcy Code § 362, to the extent applicable, is hereby modified for all purposes with respect to the Lenders' Collateral . . . including but not limited to permitting the Lenders without further notice or order to exercise all of their rights and remedies consistent with applicable nonbankruptcy law with respect to, the Lenders' Collateral. . ."  Lift Stay Order, ¶ 2.

129.    The Moon Entities have failed to pay the amounts owing to NAC under the NAC Loan Documents.

23

130.    As a result of the foregoing, the Moon Entities are liable to NAC, jointly and severally, for principal, interest, attorneys' fees, and court costs owing under the NAC Loan Documents in the amount of $11,247,317.44 as of Nov. 18, 2022, comprised of the following:

Principal:                              $9,821,921.38

Interest:                               $  630,013.63

Late charges:                           $    87,031.10

Costs:

    Attorneys' fees                    $   130,813.99[1]

    Annual Renewal Fee                 $    29,465.76

    Protective Advances                $   548,071.54

WHEREFORE, in conformity with the Lift Stay Order, NAC respectfully requests that his Court enter judgment in its favor and against the Moon Entities, jointly and severally, solely in rem and solely for the purposes of this Complaint,[2] in the amount of $11,247,317.44, plus prejudgment interest accruing at a variable rate, and attorneys' fees in an amount to be determined by the Court, plus such other and further relief as may be just and proper.

### COUNT II
### Breach of Contract, Moon Entities
### (Newtek Loan Documents)

131.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 130 above as if fully set forth herein.

---

[1] Attorney's fees are through _____, 2022.
[2] The judgment requested in Counts I and II is only for the purposes of this Complaint – to establish the amounts that NAC and Newtek may credit bid, facilitate the sales of assets and determine the distribution of any proceeds of sale.  The judgment in Counts I and II shall not be binding on the Bankruptcy Court for the purpose of allowance of Newtek and NAC's claims.

WBD (US) 59070342v13

132.    The Moon Entities have defaulted under the Newtek Loan Documents by failing to make payments as required.

133.    Newtek obtained relief from the automatic stay in the Moon Entities' bankruptcy case pursuant to the Lift Stay Order on or about July 21, 2022.

134.    The Moon Entities have failed to pay the amounts owing to Newtek under the Newtek Loan Documents.

135.    As a result of the foregoing, the Moon Entities are liable to Newtek, jointly and severally, for principal, interest, attorneys' fees and court costs owing under the Newtek Loan Documents in the following of $4,725,815.41[3] as of November 15, 2022, comprised of the following:

| | |
|---|---|
| Principal: | $ 4,333,038.56 |
| Interest: | $   291,938.47 |
| Late charges: | $    43,245.70 |
| Costs: | $    57,592.68 |

WHEREFORE, in conformity with the Lift Stay Order, NAC respectfully requests that his Court enter judgment in its favor and against the Moon Entities, jointly and severally, solely in rem and solely for the purposes of this Complaint, in the amount of $ 4,725,815.41, plus prejudgment interest, and attorneys' fees in an amount to be determined by the Court, plus such other and further relief as may be just and proper.

**COUNT III**
**Judgment for Judicial Sale of Real Property**
**28 U.S.C. §§ 2001 and 2410; 26 U.S.C. § 6325**

---

[3] NAC and Newtek reserve the right to supplement and update this figure to include, *inter alia*, attorneys' fees, accrued interest, costs incurred, and protective advances made.

25

136.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 135 above as if fully set forth herein.

137.     The United States alleges that it holds one or more liens under the internal revenue laws against the Real Property owned by Moon Nurseries, Inc., whose address is 145 Moon Road, Chesapeake City, Maryland 21915.

138.     The Notice of Tax Lien filed with respect to Nurseries states that it was prepared and executed in Detroit, Michigan by Vawn M. Muse, Revenue Officer 22-12-1314.  The Notice of Tax Lien further states that the address of Nurseries is P.O. Box 672, Chesapeake City, Maryland, 21915-0672.

139.     NAC and Newtek request that the Court enter judgment of foreclosure and order that the Real Property be sold by judicial sale, free and clear of all liens, with all liens attaching to the net proceeds of sale (after payment of all reasonable costs and expenses of sale) in the same order of priority as against the Real Property.

140.     NAC and Newtek request that the Court order that they may credit bid, singly or jointly, up to the amount that they are owed under their respective loan documents.

141.     NAC and Newtek request that the Court order that all valid state and local tax liens and reasonable costs and expenses of sale be paid from the proceeds of sale of the Real Property in the order of such liens' priority.

142.     NAC and Newtek request that, in connection with the attachment of the liens of the Internal Revenue Service on the Real Property, the Court order the Internal Revenue Service to issue a certificate of discharge of the Real Property to any purchaser of the Real Property pursuant to 26 U.S.C. § 6325.

143.     NAC and Newtek request that the Court order that the equity of redemption of all defendants other than the Internal Revenue Service be foreclosed and extinguished as part of such sale.  The judicial public sale, and confirmation thereof, is subject to the United States' post sale redemption right as provided by 28 U.S.C. § 2410 unless the interests of the United States have been waived, discharged or released.

144.     NAC and Newtek reserve the right to seek allowance of their claims in the Moon Entities' bankruptcy cases including but not limited to any deficiency claims if they are not paid in full.

WHEREFORE, NAC and Newtek request that the Court (i) Enter a judgment of foreclosure of the Real Property; (ii) Order that NAC and Newtek may jointly credit bid at the public foreclosure sale up to the amounts collectively owed to them for purposes of this Complaint; (iii) Order that the Real Property be sold free and clear of liens, with such liens attaching to the net proceeds of sale, after payment of reasonable costs and expenses of sale, in the same order of priority as against the Real Property; (iv) Order that the Internal Revenue Service issue a certificate of discharge of the Real Property; (v) Order that the equity of redemption of all defendants other than the Internal Revenue Service be foreclosed and extinguished and (vi) Grant Plaintiffs such other and further relief as may be just and proper.

**Count IV**
**Judgment for the Judicial Sale of Nurseries Inventory**
**28 U.S.C. § 2410**

145.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 144 above as if fully set forth herein.

146.     Pursuant to the IRS Notices of Tax Liens, the United States alleges that it holds one or more liens under the internal revenue laws against Nurseries Inventory owned by Moon Nurseries, Inc., whose address is 145 Moon Road, Chesapeake City, Maryland 21915.

147.     The IRS Notice of Tax Lien filed with respect to Nurseries states that it was prepared and executed in Detroit, Michigan by Vawn M. Muse, Revenue Officer 22-12-1314.  The Notice of Tax Lien further states that the address of Nurseries is P.O. Box 672, Chesapeake City, Maryland, 21915-0672.

148.     NAC and Newtek request that the Court enter judgment of foreclosure and order that the Nurseries Inventory be sold by judicial sale, free and clear of all liens, with all liens attaching to the net proceeds of sale (after payment of the reasonable costs and expenses of sale) in the same order of priority as against the Nurseries Inventory.

149.     NAC and Newtek request that they be permitted to submit a joint credit bid at such public judicial sale, up to the amounts collectively owed to them for purposes of this Complaint.

150.     NAC and Newtek reserve the right to seek allowance of their claims in the Moon Entities' bankruptcy cases including but not limited to any deficiency claims if they are not paid in full.

WHEREFORE, NAC and Newtek request that the Court (i) Enter a judgment of foreclosure of the Nurseries Inventory; (ii) Order that NAC and Newtek may submit a joint credit bid at such public judicial sale, up to the amounts collectively owed to them for purposes of this Complaint; and (iii) Order that the Nurseries Inventory be sold free and clear of liens, with all such liens attaching to the net proceeds of sale, after payment of reasonable costs and expenses of sale, in the same order of priority as against the Inventory; and (iv) Grant Plaintiffs such other and further relief as may be just and proper.

WBD (US) 59070342v13

**Count V**
**Judgment for the Judicial Sale of Machinery and Equipment**
**28 U.S.C. § 2410**

151.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 150 above as if fully set forth herein.

152.     Pursuant to the IRS Notices of Tax Liens, the United States alleges that it holds one or more liens under the internal revenue laws against the Nurseries M&E, Site Management M&E and Landscaping M&E (collectively, the "M&E").

153.     The address of Nurseries, Site Management and Landscaping is 145 Moon Road, Chesapeake City, Maryland 21915.

154.     Each IRS Notice of Tax Lien filed with respect to Nurseries, Site Management and Landscaping states that it was prepared and executed in Detroit, Michigan by Vawn M. Muse, Revenue Officer 22-12-1314.

155.     The Notice of Tax Lien filed against Nurseries and one of the Notices of Tax Lien filed against Site Management each state that the address of Nurseries and Site Management is P.O. Box 672, Chesapeake City, Maryland, 21915-0672.

156.     The Notice of Tax Lien filed against Landscaping and one of the Notices of Tax Lien filed against Site Management each state that the address of Landscaping and Site Management is 145 Moon Rd, Chesapeake City, MD 21915-0000.

157.     NAC and Newtek request that the Court enter judgment of foreclosure and order that the M&E be sold by judicial sale, free and clear of all liens, with all liens attaching to the net proceeds of sale (after payment of all reasonable costs and expenses of sale) in the same order of priority as against the machinery and equipment; provided, however, that the sale shall not include the Nurseries Titled Vehicles, Site Management Titled Vehicles or Landscaping Titled Vehicles.

158.    NAC and Newtek request that they be permitted to submit a joint credit bid at such public judicial sale, up to the amounts collectively owed to them for purposes of this Complaint.

159.    NAC and Newtek reserve the right to seek allowance of their claims in the Moon Entities' bankruptcy cases including but not limited to any deficiency claims if they are not paid in full.

WHEREFORE, NAC and Newtek request that the Court (i) Enter a judgment of foreclosure of the M&E; (ii) Order that NAC and Newtek may submit a joint credit bid at such public judicial sale, up to the amounts collectively owed to them for purposes of this Complaint; and (iii) Order that the M&E be sold free and clear of liens, with all such liens attaching to the net proceeds of sale, after payment of reasonable costs and expenses of sale, in the same order of priority as against the M&E; and (iv) Grant Plaintiffs such other and further relief as may be just and proper.

**Count VI**
**Determination That Liens of J. Frank Schmidt & Sons, Co. and the Comptroller of Maryland Are Void And Of No Force Or Effect**
**11 U.S.C. §§ 105, 362**

160.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 159 above as if fully set forth herein.

161.    The judgment held by J. Frank Schmidt & Sons, Co. against Nurseries was entered on September 20, 2021.

162.    The judgments held by the Comptroller of Maryland against Nurseries were recorded on or about November 10, 2021, and April 1, 2022.

163.    Nurseries filed a voluntary petition for relief under the Bankruptcy Code on the August 12, 2021 Petition Date.

30

164.     Pursuant to 11 U.S.C. § 362(a), the filing of Nurseries' bankruptcy petition operates as a stay, applicable to all entities, of, among other things, (i) the commencement or continuation of a judicial, administrative or other action or proceeding against Nurseries on account of a claim that arose before the Petition Date, and (ii) any act to create, perfect, or enforce any lien to the extent that such lien secures a claim that arose before the Petition Date.

165.     Neither J. Frank Schmidt & Sons, Co. nor the Comptroller of Maryland obtained relief from the automatic stay in pursuit of their judgments.

166.     The entry and/or filing of the judgments against Nurseries by J. Frank Schmidt & Sons, Co. and the Comptroller of Maryland violated the automatic stay of 11 U.S.C. § 362.

167.     Acts taken in violation of the automatic stay are void.

168.     Plaintiffs request that the Court declare that the liens on property of Nurseries in favor of J. Frank Schmidt & Sons, Co. and the Comptroller of Maryland are void, unenforceable, and of no force or effect.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order (i) declaring that the liens against Nurseries' property in favor of J. Frank Schmidt & Sons and the Comptroller of Maryland are void, unenforceable, and of no force or effect, and (ii) granting such other and further relief as may be just and proper

**Count VII**
**Determination of Lien Priority**
**11 U.S.C. § 364, 28 U.S.C. § 6323, Final DIP Order; Final Cash Collateral Order**

169.      Plaintiffs reallege and incorporate by reference paragraphs 1 through 168 above as if fully set forth herein.

170.     Section 6323 of the Internal Revenue Code provides protection for certain commercial transactions and security interests.

31

171.    Plaintiffs are entitled to the protections of Section 6323 of the Internal Revenue Code.

172.    The Final DIP Order authorized the Moon Entities to grant the DIP Lender automatically perfected DIP Liens that, pursuant to Bankruptcy Code section 364(c)(3), are junior in priority with respect to the property subject to the liens of the Plaintiffs, Ross, Padco, Ailco and the Internal Revenue Service.

173.    The Final Cash Collateral Order granted Kore the Kore Protection Lien subordinate to the liens of NAC, Newtek, Legalist and the IRS.

174.    Plaintiffs request that the Court determine the validity and priority of the Plaintiffs' and Defendants' liens, if any, to the property of the Moon Entities.

WHEREFORE, Plaintiffs request that the Court declare liens attach as follows:

To the Real Property and its proceeds in the following order of priority:

 a.  NAC and Newtek, *pari passu*

 b.  Internal Revenue Service

 c.  Legalist

 d.  Kore

 e.  J. Frank Schmidt & Sons, Inc. (if not void)

 f.  State of Maryland (if not void)

 g.  Cecil County

To the Nurseries Inventory and its proceeds in the following order of priority:

 a.  NAC and Newtek, *pari passu*

 b.  Internal Revenue Service

 c.  United States Small Business Administration

    d.  Legalist

    e.  Kore

    f.  State of Maryland (if not void)

    g.  Cecil County

To the Nurseries M&E in the following order of priority:

    a.  NAC and Newtek, *pari passu*

    b.  Internal Revenue Service

    c.  Padco (with respect to Contracts No. 23481 and 23526 and associated equipment)

    d.  United States Small Business Administration

    e.  Legalist

    f.  Kore

    g.  State of Maryland (if not void)

    h.  Cecil County

To the Site Management M&E in the following order of priority:

    a.  Newtek

    b.  Internal Revenue Service

    c.  Legalist

    d.  Kore

    e.  State of Maryland (if not void)

    f.  Cecil County

To the Landscaping M&E in the following order or priority:

    a.  Newtek

    b.  Internal Revenue Service

    c.  Legalist

    d.  Kore

    e.  State of Maryland (if not void)

    f.  Cecil County

And grant Plaintiffs such other and further relief as may be just and proper.

### Count VIII
### Distribution of Sale Proceeds
### 28 U.S.C. § 2410

175.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 174 above as if fully set forth herein

176.    Following the sale of the Real Property, Nurseries Inventory and Nurseries M&E, Landscaping M&E and Site Management M&E, the Plaintiffs request that the proceeds of such sales, after satisfaction of applicable state and local tax liens and payment of the reasonable costs and expenses of sale, be distributed promptly to lienholders in their respective orders of priority.

WHEREFORE, Plaintiffs respectfully request that the Court Order the distribution of proceeds of sale to Plaintiffs until the Plaintiffs' claims are satisfied in full, and (ii) grant such other and further relief as may be just and proper.

Dated: December 15, 2022        **WOMBLE BOND DICKINSON (US) LLP**

                          */s/  Lisa Bittle Tancredi*
                          Lisa Bittle Tancredi (Bar No. 22440)
                          Chukwukpee Nzegwu (Bar No. 21730)
                          100 Light Street, 26th Floor
                          Baltimore, Maryland 21202
                          Telephone:   (410) 545-5810
                          Facsimile:   (302) 252-4330
                          Email:       Lisa.Tancredi@wbd-us.com
                                            Chukwukpee.Nzegwu@wbd-us.com

*Counsel to North Avenue Capital, LLC*

And

**DRESCHER & ASSOCIATES, P.A.**

*/s/  Ronald J. Drescher*
Ronald J. Drescher (Bar No. 08712)
10999 Red Run Blvd Ste 205
Owings Mills, Maryland 21117
Telephone:      (410) 484-9000
Facsimile:      (410) 484-8120
Email:          rondrescher@drescherlaw.com

*Counsel to Newtek Small Business Finance, LLC*

35