**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
<u>(Baltimore Division)</u>

| | | |
|---|---|---|
| **NORTH AVENUE CAPITAL, LLC,** *et al.,* | * | |
| **Plaintiff,** | * | |
| v. | * | **Case No.: 1:22-cv-03240-JMC** |
| **LEGALIST DIP GP, LLC,** *et al.,* | * | |
| **Defendants.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>**ANSWER AND COUNTERCLAIM**</u>

Defendants Legalist DIP GP, LLC; Legalist DIP SPV II, LP; and Legalist DIP FUND I, LP (collectively, "Defendants" or "Legalist"); by their undersigned attorneys, Richard L. Costella, Timothy VanCisin, and Tydings & Rosenberg LLP; and pursuant to Fed. R. Civ. P. 7, 8, 13, and 15; hereby submit their answer to the Complaint filed by North Avenue Capital, LLC and Newtek Small Business Finance, LLC (collectively, the "Plaintiffs").  In support of their Answer, Legalist states as follows:

<u>**PARTIES**</u>

1.      Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Legalist denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint are admitted.

10.     The allegations contained in Paragraph 10 of the Complaint are admitted.

11.     The allegations contained in Paragraph 11 of the Complaint are admitted.

12.     The allegations contained in Paragraph 12 of the Complaint are admitted.

13.     The allegations contained in Paragraph 13 of the Complaint are admitted.

14.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint are admitted.

16.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Legalist denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 18 of the Complaint.

19.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

## JURISDICTION AND VENUE

24.     The allegations contained in Paragraph 24 of the Complaint are legal conclusions to which no response is required.

25.     The allegations contained in Paragraph 25 of the Complaint are legal conclusions to which no response is required.

26.     The allegations contained in Paragraph 26 of the Complaint are legal conclusions to which no response is required.

27.     The allegations contained in Paragraph 27 of the Complaint are legal conclusions to which no response is required.

28.     The allegations contained in Paragraph 28 of the Complaint are legal conclusions to which no response is required.

29.     The allegations contained in Paragraph 29 of the Complaint are legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

30.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     The allegations contained in Paragraph 35 of the Complaint are admitted.

36.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     The allegations contained in Paragraph 38 of the Complaint are admitted.

39.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     The allegations contained in Paragraph 40 of the Complaint are admitted.

41.     The allegations contained in Paragraph 41 of the Complaint are admitted.

42.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 43 that are inconsistent with said document.

44.     Admitted that the Plaintiffs attached to the Complaint what purports to be a loan agreement.

45.     Paragraph 45 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 45 that are inconsistent with said document.

46.     Admitted that the Plaintiffs attached to the Complaint what purports to be a promissory note.

47.     Paragraph 47 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 47 that are inconsistent with said document.

48.     Paragraph 48 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 48 that are inconsistent with said document.

49.     Admitted that the Plaintiffs attached to the Complaint what purports to be a deed of trust.

50.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 51 that are inconsistent with said document.

52.     Paragraph 52 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 52 that are inconsistent with said document.

53.     Admitted that the Plaintiffs attached to the Complaint what purports to be an assignment.

54.     Paragraph 54 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 54 that are inconsistent with said document.

55.     Admitted that the Plaintiffs attached to the Complaint what purports to be a security agreement.

56.     Paragraph 56 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 56 that are inconsistent with said document.

57.     Paragraph 57 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 57 that are inconsistent with said document.  Further, the allegations contained in Paragraph 57 of the Complaint are legal conclusions to which no response is required.

58.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59.     Admitted that the Plaintiffs attached to the Complaint what purports to be a UCC financing statement.

60.     The allegations contained in Paragraph 60 of the Complaint are legal conclusions to which no response is required.

61.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 62 that are inconsistent with said document.

63.     Paragraph 63 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 63 that are inconsistent with said document.

64.     Admitted that the Plaintiffs attached to the Complaint what purports to be a promissory note.

65.     Paragraph 65 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 65 that are inconsistent with said document.

66.     Admitted that the Plaintiffs attached to the Complaint what purports to be a deed of trust.

67.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 68 that are inconsistent with said document.

69.     Paragraph 69 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 69 that are inconsistent with said document.

70.     Admitted that the Plaintiffs attached to the Complaint what purports to be an assignment.

71.     Paragraph 71 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 71 that are inconsistent with said document.

72.     Admitted that the Plaintiffs attached to the Complaint what purports to be a security agreement.

73.     Paragraph 73 of the Complaint refers to a written document that speak for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 73 that are inconsistent with said document.

74.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.  Further, the allegations contained in Paragraph 74 of the Complaint are legal conclusions to which no response is required.

75.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     Admitted that the Plaintiffs attached to the Complaint what purports to be a UCC financing statement.

77.     The allegations contained in Paragraph 77 of the Complaint are legal conclusions to which no response is required.

78.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.     Admitted that the Plaintiffs attached to the Complaint what purports to be a UCC financing statement.

80.     The allegations contained in Paragraph 80 of the Complaint are legal conclusions to which no response is required.

81.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.  Further, Paragraph 83 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 83 that are inconsistent with said document.

84.     Admitted that the Plaintiffs attached to the Complaint what purports to be an intercreditor agreement.

85.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 86 that are inconsistent with said document.

87.     Paragraph 87 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 87 that are inconsistent with said document.

88.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and the four subparagraphs of Paragraph 88 of the Complaint.

89.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     The allegations contained in Paragraph 90 of the Complaint are legal conclusions to which no response is required.

91.     The allegations contained in Paragraph 91 of the Complaint are legal conclusions to which no response is required.

92.     The allegations contained in Paragraph 92 of the Complaint are legal conclusions to which no response is required.

93.     The allegations contained in Paragraph 93 of the Complaint are legal conclusions to which no response is required.

94.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.     The allegations contained in Paragraph 97 of the Complaint are legal conclusions to which no response is required.

98.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     The allegations contained in Paragraph 99 of the Complaint are legal conclusions to which no response is required.

100.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    The allegations contained in Paragraph 101 of the Complaint are legal conclusions to which no response is required.

102.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    The allegations contained in Paragraph 105 of the Complaint are admitted.

106.    The allegations contained in Paragraph 106 of the Complaint are admitted.

107.    Paragraph 107 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 107 that are inconsistent with said document.

108.     Paragraph 108 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 108 that are inconsistent with said document.

109.     Paragraph 109 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 109 that are inconsistent with said document.

110.     Paragraph 110 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 110 that are inconsistent with said document.

111.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114.     Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115.     Paragraph 115 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 115 that are inconsistent with said document.

116.     Admitted that the Plaintiffs attached to the Complaint what purports to be a court order.

117.    Paragraph 117 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 117 that are inconsistent with said document.

118.    Paragraph 118 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 118 that are inconsistent with said document.

119.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraphs (a) through (g) of Paragraph 119 of the Complaint. Legalist admits the allegations contained in subparagraph (h) of Paragraph 119 of the Complaint.

120.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraphs (i) through (k) of Paragraph 120 of the Complaint. Legalist admits the allegations contained in subparagraph (l) of Paragraph 120 of the Complaint.

121.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraphs (m) through (o) of Paragraph 121 of the Complaint. Legalist admits the allegations contained in subparagraph (p) of Paragraph 121 of the Complaint.

122.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraph (q) of Paragraph 122 of the Complaint. Legalist admits the allegations contained in subparagraph (r) of Paragraph 122 of the Complaint

123.    The allegations contained in Paragraph 123 of the Complaint are legal conclusions to which no response is required.

124.    The allegations contained in Paragraph 124 of the Complaint are legal conclusions to which no response is required.

**COUNT I**
**Breach of Contract, Moon Entities**
**(NAC Loan Documents)**

125.    Legalist hereby incorporates its responses to all preceding paragraphs as if fully set forth herein.

126.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint.

127.    Paragraph 127 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 127 that are inconsistent with said document.

128.    Paragraph 128 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 128 that are inconsistent with said document.

129.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

**COUNT II**
**Breach of Contract, Moon Entities**
**(Newtek Loan Documents)**

131.    Legalist hereby incorporates its responses to all preceding paragraphs as if fully set forth herein.

132.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133.    Paragraph 133 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 133 that are inconsistent with said document.

134.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint.

**COUNT III**
**Judgment for Judicial Sale of Real Property**
**28 U.S.C. §§ 2001 and 2410; 26 U.S.C. § 6325**

136.    Legalist hereby incorporates its responses to all preceding paragraphs as if fully set forth herein.

137.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint.

138.    Paragraph 138 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 138 that are inconsistent with said document.

139.    Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 139 of the Complaint.

140.    Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 140 of the Complaint.

141.    Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 141 of the Complaint.

142.     The allegations contained within Paragraph 142 of the Complaint are not directed at Legalist so no response is required. To the extent a response may be required, the allegations are denied.

143.     Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 143 of the Complaint.

144.     Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 144 of the Complaint.

**Count IV**
**Judgment for the Judicial Sale of Nurseries Inventory**
**28 U.S.C. § 2410**

145.     Legalist hereby incorporates its responses to all preceding paragraphs as if fully set forth herein.

146.     Paragraph 146 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 146 that are inconsistent with said document.

147.     Paragraph 147 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 147 that are inconsistent with said document.

148.     Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 148 of the Complaint.

149.     Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 149 of the Complaint.

150.     Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 150 of the Complaint.

## Count V
## Judgment for the Judicial Sale of Machinery and Equipment
## 28 U.S.C. § 2410

151.    Legalist hereby incorporates its responses to all preceding paragraphs as if fully set forth herein.

152.    Paragraph 152 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 152 that are inconsistent with said document.

153.    Admitted.

154.    Paragraph 154 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 154 that are inconsistent with said document.

155.    Paragraph 155 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 155 that are inconsistent with said document.

156.    Paragraph 156 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 156 that are inconsistent with said document.

157.    Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 157 of the Complaint.

158.    Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 158 of the Complaint.

159.    Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 159 of the Complaint.

### Count VI
### Determination That Liens of J. Frank Schmidt & Sons, Co.
### and the Comptroller of Maryland Are Void And Of No Force Or Effect
### 11 U.S.C. §§ 105, 362

160.    Legalist hereby incorporates its responses to all preceding paragraphs as if fully set forth herein.

161.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint.

162.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint.

163.    Admitted.

164.    The allegations contained in Paragraph 164 of the Complaint are legal conclusions to which no response is required.

165.    Legalist denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Complaint.

166.    The allegations contained in Paragraph 166 of the Complaint are legal conclusions to which no response is required.

167.    The allegations contained in Paragraph 167 of the Complaint are legal conclusions to which no response is required.

168.    The allegations contained within Paragraph 168 of the Complaint are not directed at Legalist so no response is required. To the extent a response may be required, the allegations are denied.

**Count VII**
**Determination of Lien Priority**
**11 U.S.C. §364, 28 U.S.C §6323, Final DIP Order, Final Cash Collateral Order**

169.     Legalist hereby incorporates its responses to all preceding paragraphs as if fully set forth herein.

170.     The allegations contained in Paragraph 170 of the Complaint are legal conclusions to which no response is required.

171.     The allegations contained in Paragraph 171 of the Complaint are legal conclusions to which no response is required.

172.     Paragraph 172 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 172 that are inconsistent with said document.

173.     Paragraph 173 of the Complaint refers to a written document that speaks for itself and Legalist refers to the document for a complete and accurate statement of its contents. Legalist denies all allegations in Paragraph 173 that are inconsistent with said document.

174.     Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 174 of the Complaint and the Prayer following Paragraph 174 of the Complaint.

**Count VIII**
**Distribution of Sale Proceeds**
**28 U.S.C. § 2410**

175.     Legalist hereby incorporates its responses to all preceding paragraphs as if fully set forth herein.

176.     Legalist denies that Plaintiffs are entitled to the relief requested in Paragraph 176 of the Complaint and the Prayer following Paragraph 176 of the Complaint.

**GENERAL DENIALS**

Legalist denies each and every material allegation set forth in Plaintiffs' Complaint that is not expressly admitted or denied herein.

Legalist denies that Plaintiffs are entitled to any of the relief requested in the various prayers for relief and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

A.     Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

B.     Plaintiffs' claims may be barred, in whole or in part, by the applicable statutes of limitation.

C.     Plaintiffs' Complaint fails to set forth facts showing the existence of a justiciable claim.

D.     Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

E.     Plaintiffs' Complaint fails to join a party or parties in whose absence complete relief cannot be accorded among those already named as parties to Plaintiffs' Complaint.

F.     The Plaintiffs have failed to properly perfect their liens and security interests in the Moon Entities Real Property and personal property.

G.     Legalist has predicated the foregoing Answer and Defenses upon such reasonable investigation as could be accomplished within the time available, and upon such information as is currently known. Legalist may continue its investigation of all the facts that may ultimately bear upon the merits of the factual allegations, legal contentions and claims for relief made herein. To the extent that further investigation, discovery in this proceeding or other developments make it

necessary or appropriate to do so, Legalist expressly reserves the right to assert additional defenses, raise additional issues, and/or amend its Answer and Defenses as set forth herein.

WHEREFORE, Defendants Legalist DIP GP, LLC; Legalist DIP SPV II, LP; and Legalist DIP FUND I, LP request that the Court dismiss Plaintiffs' Complaint with prejudice and award it the costs incurred for its defense herein and for such other and further relief as the Court may deem just and proper.

**COUNTERCLAIM**

Legalist submits this counterclaim against the Plaintiffs and states as follows:

**Factual Background**

1.      As set forth in the Complaint, on or about June 28, 2019, the Plaintiffs made certain loans and advances available to the Moon Entities (as defined in the Complaint).

2.      In exchange for said loans, and as security therefore, Nurseries (as defined in the Complaint) granted the Plaintiffs a security interest in certain real property owned by Nurseries and located in Cecil County, Maryland (as defined in the Complaint, the "Real Property").

3.      In exchange for said loans, and as security therefore, the Moon Entities granted the Plaintiffs a security interest in substantially all of their personal property, including but not limited to inventory, parts, and machinery and equipment (collectively, the "Personal Property").

4.      Although all of the Moon Entities joined in granting the Plaintiffs security interests in their Real Property and the Personal Property (the "Transfers"), upon information and belief, one or more of the Moon Entities did not receive fair consideration for the granting of said security interests.

5.      Accordingly, the Transfers by one or more of the Moon Entities were fraudulent conveyances under applicable law.

5545455.1

**COUNT I**
**(Avoidance of Fraudulent Conveyance**
**Pursuant to MD CODE, COMM. LAW, § 15-205)**

6.      Paragraphs 1 through 5 are incorporated fully in this count by reference as if fully recited herein.

7.      At the time that the Moon Entities made the Transfers, the Moon Entities were a person doing business in the State of Maryland.

8.      The Transfers were made without fair consideration to one or more of the Moon Entities.

9.      The making of the Transfers left unreasonably small capital remaining in the hands of one or more of the Moon Entities.

WHEREFORE, Legalist requests that this Court enter an Order:

(a)      Avoiding and setting aside the Transfers; and

(b)      Granting such further relief as this Court deems just and proper.

**COUNT II**
**(Avoidance of Fraudulent Conveyance**
**Pursuant to MD CODE, COMM. LAW, § 15-206)**

10.      Paragraphs 1 through 9 are incorporated fully in this count by reference as if fully recited herein.

11.      The Transfers were made without fair consideration to one or more of the Moon Entities.

12.      At the time of the Transfers, the Moon Entities knew that they would incur further debts beyond its ability to pay as those debts matured.

13.      At the time of the Transfers, the Moon Entities intended that they would incur further debts beyond its ability to pay as those debts matured.

5545455.1

22

14.     The Plaintiffs had knowledge of the Moon Entities intent and intended the same.

WHEREFORE, Plaintiff requests that this Court enter an Order:

      (a)     Avoiding and setting aside the Transfers; and

      (b)     Granting such further relief as this Court deems just and proper.

## COUNT III
### (Avoidance of Fraudulent Conveyances by Insolvent
### Pursuant to MD CODE, COMM. LAW, § 15-204)

15.     Paragraphs 1 through 14 are incorporated fully in this count by reference as if fully recited herein.

16.     At the time of the Transfers, one or more of the Moon Entities were insolvent.

17.     At the time of the Transfers, one or more of the Moon Entities were rendered insolvent.

18.     The Transfers were made without a fair consideration.

WHEREFORE, Legalist requests that this Court enter an Order:

      (a)     Avoiding and setting aside the Transfers; and

      (b)     Granting such further relief as this Court deems just and proper.

Dated: January 27, 2023.                          Respectfully submitted,


      /s/ Richard L. Costella
      Richard L. Costella, Fed. Bar No. 14095
      Timothy VanCisin, Fed. Bar No.: 21538
      Tydings & Rosenberg, LLP
      1 East Pratt Street, Suite 901
      Baltimore, Maryland 21202
      T: (410) 752-9700, F: (410) 727-5460
      Email: rcostella@tydings.com
      tvancisin@tydings.com

      *Counsel for Legalist*

5545455.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2023, a copy of the foregoing *ANSWER* was served via the Court's ECF e-filing system on the following:

Lisa Bittle Tancredi, Esquire
Chukwukpee Nzegwu, Esquire
100 Light Street, 26th Floor
Baltimore, Maryland 21202
Email: Lisa.Tancredi@wbd-us.com
Chukwukpee.Nzegwu@wbd-us.com

Ronald J. Drescher, Esquire
10999 Red Run Blvd Ste 205
Owings Mills, Maryland 21117
Email: rondrescher@drescherlaw.com

David S. Musgrave, Esquire
Gordon Feinblatt LLC
233 E Redwood St
Baltimore, MD 21202
Email: dmusgrave@gfrlaw.com

Kimberly Bowden Stephens, Esquire
Comptroller of Maryland, Compliance Division
301 W. Preston Street, Room 410
Baltimore, MD 21201-2383
Email: kstephens@comp.state.md.us


/s/ Richard L. Costella
Richard L. Costella